IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| HERBERT HAMER,<br><br>  Plaintiff,<br><br>v.<br><br>OBION COUNTY DETENTION CENTER,<br><br>  Defendant. | Case No. 1:23-cv-01208-SHM-tmp |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1 & 5) WITHOUT PREJUDICE; AND GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE**

On October 5, 2023, Plaintiff Herbert Hamer[1], Tennessee Department of Correction ("TDOC") identification number 166875, filed a *pro se* civil complaint, and a motion to proceed *in forma pauperis* as required by 28 U.S.C. § 1914. (ECF Nos. 1 & 2.) When Hamer filed the complaint, he was incarcerated at the Obion County Detention Center (the "OCDC") in Union City, Tennessee. (ECF No. 1-1 at PageID 2.) On October 11, 2023, the Court denied Hamer's application to proceed *in forma pauperis* and directed Hamer to pay the four hundred and two dollar ($402.00) civil filing fee. (ECF No. 4.) On October 19, 2023, Hamer filed an amended complaint. (ECF No. 5.) On November 27, 2023, Hamer paid the civil filing fee. (ECF No. 9.) On February 1, 2024, Hamer filed a change of address notice informing the Court of his release from the OCDC. (*See* ECF No. 10.)

---

[1] The TDOC Felony Offender Information website shows that Hamer is presently listed as absconded. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed July 17, 2025).)

The Court CONSOLIDATES the complaint (ECF No. 1) and the amended complaint (ECF No. 5) as the "Consolidated Complaint" for the purpose of screening Hamer's claims pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, et seq. Hamer's Consolidated Complaint is before the Court.

The Consolidated Complaint is based on an incident that occurred during Hamer's incarceration at the OCDC. (*See* ECF Nos. 1 & 5.) The Consolidated Complaint is liberally construed to assert claims for: (1) violation of Hamer's right not to be subject to double jeopardy (the "Double Jeopardy Claim"); and (2) personal injury due to Hamer's slip and fall accident in the OCDC shower during February 2023 (the "Negligence Claim"). (ECF Nos. 1 & 5 at PageID 1, 9, 11-12.) Hamer names the OCDC as the sole Defendant. (ECF Nos. 1 & 5 at PageID 1, 9.)

Hamer seeks "immediate release and dismissal of all charges", and damages in the amount of five hundred million dollars ($500,000,000.00). (ECF Nos. 1 & 5 at PageID 1, 9, 11-13.)

For the reasons explained below, the Court: (1) **DIRECTS** the Clerk to modify the docket; (2) **DISMISSES** Hamer's Consolidated Complaint **WITHOUT PREJUDICE** for failure to state a claim to relief (ECF Nos. 1 & 5); and (3) **GRANTS** leave to amend the claims dismissed without prejudice.

I. <u>BACKGROUND</u>

Hamer alleges that in February 2023, he broke his pelvis during a fall in the OCDC's shower that "was not handicap equip (sic)." (ECF Nos. 1 & 5 at PageID 1, 9, 12.) Hamer alleges that he is "handicapped." (ECF No. 5 at PageID 12.) Hamer alleges he was taken to Baptist Memorial Hospital for medical treatment after the slip and fall incident. (*Id.*) Hamer alleges that, the day after his fall, "[t]hey installed a [h]andicap [h]and [r]ail . . . to cover up their mistake." (*Id.*) Hamer alleges that he is "currently incarcerated in [the] Obion County Jail . . . for an alleged

crime that was alleged to have been committed in Vietnam in 1967." (*Id.* at PageID 11.) Hamer alleges that "neither Obion County or (sic) the State of Tennessee has jurisdiction over a case that was alleged to have been committed in another country while I was enlisted in the U.S. Army." (*Id.*) Hamer alleges he was incarcerated in a federal prison for the "[a]lleged crime" for more than thirteen years. (*Id.*) Hamer alleges "[b]eing charged with it again is clearly double [j]eopardy and a violation of my [c]ivil [r]ights." (*Id.*) Hamer alleges the Obion County Sheriff's Department is "[r]esponsible [f]or bringing up [t]hese past [a]lledged (sic) [c]harges." (*Id.* at PageID 12.)

## II.  SCREENING

### A.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

3

to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

  **B.**  **§ 1983 Claims**

Hamer sues under 42 U.S.C. § 1983. (ECF No. 1 PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**III.**  **ANALYSIS**

  **A. OCDC**

Hamer sues the OCDC as the sole Defendant. (ECF Nos. 1 & 5 at PageID 1, 9.) "To state a claim under § 1983, a plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (internal quotation marks and citation omitted). The OCDC is neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th

4

Cir. Nov. 6, 2000) (noting that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that a police department is not an entity capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that a sheriff's department "is not a legal entity subject to suit" under § 1983).

The Court construes Hamer's claim against the OCDC as a claim against Obion County, Tennessee, (the "County"). *See Matthews*, 35 F.3d at 1049. The County may be held liable only if Hamer's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell*, 436 U.S. at 691.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Hamer's Consolidated Complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. Hamer's allegations are based on his particular experience at the OCDC. (*See* ECF Nos. 1 & 5 at PageID 1, 9-12.) Hamer does not state a claim to relief against the County because Hamer fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Hamer.

Hamer's § 1983 claim against the County is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief.

The Clerk is **DIRECTED** to add Obion County, Tennessee as a Defendant and to remove all reference to OCDC as a Defendant.

B.   <u>**The Double Jeopardy Claim**</u>

To the extent Hamer alleges that he is being illegally confined by OCDC, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90; *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). *Heck* applies to suits filed by pretrial detainees. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004). Hamer's Double Jeopardy Claim is not cognizable under § 1983 because Hamer does not allege that he has satisfied any of the criteria stated in *Heck*.

C.   <u>**The Negligence Claim**</u>

Liberally construed, Hamer's Negligence Claim alleges lack of due care in the maintenance of the showers at the OCDC. (*See* ECF Nos. 1 & 5 at PageID 1, 9, 12 ("I took a fall in the shower").) Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest"). The Negligence Claim does not allege facts demonstrating that Hamer was deprived of a constitutional right.

6

### IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court **GRANTS** leave to amend within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. If Hamer decides to amend his claims, he shall: (1) comprehensively and particularly list, in ONE document, all defendants and all claims within this Court's jurisdiction; and (2) submit the amended complaint on the Court's official form: Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

7

An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Hamer must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. All claims alleged in the amended complaint must arise from the facts alleges in the Consolidated Complaint.

If Hamer fails to file an amended complaint in a timely manner, the Court will dismiss the case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

V. **CONCLUSION**

For the reasons set forth above:

    A.    The Clerk is DIRECTED to remove any reference to OCDC as a Defendant;

    B.    Hamer's § 1983 claims against the County are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* § 1915A(b)(1);

    C.    Leave to amend the Consolidated Complaint is GRANTED. Hamer may amend his complaint within 21 days of the date of this Order, under the guidelines set forth *supra*; and

D. Hamer is ORDERED to notify the Court immediately, in writing, of his current address, if his address changes. If Hamer fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this *17th* day of July 2025.

            */s/ Samuel H. Mays, Jr.*
            SAMUEL H. MAYS, JR.
            UNITED STATES DISTRICT JUDGE